IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 16-25-SLR |
| ) | |
| DHRON GOLDSBOROUGH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 13th day of December, 2016, having heard argument on, and having reviewed papers related to, defendant's objections to the advisory guideline range contained in the presentence investigation report ("PSIR");

IT IS ORDERED that said objections are overruled, for the reasons that follow:

1. Defendant poses two objections to the advisory guideline range contained in the PSIR:[1] (1) defendant's 2010 Delaware conviction for assault in the second degree should not be categorized as a crime of violence; and (2) even if it were, the government has not proven that defendant pled guilty to the elements of a crime of violence. With respect to the first objection, a "crime of violence" is defined under U.S.S.G. § 4B1.2(a)(1) as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," and is a felony.

---

[1] Specifically, defendant objected to application of a base offense level of 20, "due to the defendant committing the instant offense after sustaining a felony conviction for . . . a crime of violence. . . ." (PSIR, ¶ 16)

Consistent with *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), Delaware's assault in the second degree statute is a "divisible" statute in that it is structured to encompass multiple separate offenses, each with its own discrete set of legally required elements. *See Williamson v. State*, 113 A.3d 155, 159 (Del. 2015); D.I. 24, ex. B) As discussed further below, defendant's conviction documents confirm that, when defendant pled guilty to assault in the second degree, he admitted to " intentionally caus[ing] serious physical injury." (D.I. 21, ex. D) A conviction for "caus[ing] serious physical injury"[2] has as an element the use of physical force, per the definition of such in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), as explained by the Supreme Court in *Johnson v. United States*, 559 U.S. 133, 140 (2010) (defining "physical force" as "force capable of causing physical pain or injury to another person"). *Accord United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009); *United States v. Gorny*, 2016 WL 3689063, at *4 (3d Cir. July 12, 2016) (because the statute at issue required proof that the defendant caused bodily injury, "it would not be plain error to determine that the causation of bodily injury necessarily requires the use of force capable of causing bodily injury - that is, 'violent force.'"). Finally, either intentional or reckless assault in the second degree qualifies as a crime of violence under *Voisine v. United States*, — U.S. —, 136 S. Ct. 2272, 2278 (2016) (the term "use" in the statutory phrase "use . . . of physical force" applies equally to reckless assaults and intentional or

---

[2]"Serious physical injury" is defined by Delaware statute as "physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ, or which causes the unlawful termination of a pregnancy without the consent of the pregnant female." 11 Del. C. § 222(25) (2009).

knowing assaults).[3] The court concludes, therefore, that defendant was charged with a crime of violence.

2. With respect to the second objection, it is defendant's position that the government must "conclusively demonstrate" that defendant pled guilty to a specific subsection of Delaware's assault in the second degree statute. (D.I. 21 at 12) In support of this contention, defendant refers the court to an unreported opinion from the Western District of Pennsylvania[4] for the proposition that "a court must be certain about . . . which is the *mens rea* to which [a defendant] actually pled guilty." *Id.* at *4-5. In *Dates*, the court was faced with using a prior conviction as a foundation for career offender status. Defendant Dates had pled guilty to Pennsylvania's crime of simple assault. Although the information lodged against him cited subsection (a)(3) of the statute and alleged that the defendant "did . . . unlawfully attempt by physical menace to put [victim] in fear of imminent serious bodily injury," and although the charge to which defendant pled guilty shared "a docket number with the guilty plea," nevertheless, the court declined to "rest career offender status on that foundation" because neither the guilty plea document nor the sentencing documents referred to any particular section of the simple assault statute. *Id.*, at *5.

---

[3]The Supreme Court's decision in *Voisine* calls into question the Third Circuit's decision in *United States v. Otero*, 502 F.3d 331 (3d Cir. 2007) (holding that under Sentencing Guidelines § 2L1.2, "categorical crimes of violence" are limited to "offenses committed through intentional use of force against another rather than reckless or grossly negligent conduct," citing to *Popal v. Gonzales*, 416 F.3d 249 (3d Cir. 2005)). Of course, in the case at bar, defendant pled guilty to an intentional act.

[4]*United States v. Frederick Dates, II,* CR 6-83, CV 16-581 (W.D. Pa. Oct. 6, 2016). Although defendant cited this case as *United States v. Frederick* (D.I. 21 at 12), it will be referred to as *"Dates"* in this memorandum order.

3

3. Even accepting the demanding standard espoused by the court in *Dates*,[5] the facts of record in this case leave no doubt that defendant pled guilty to count I of an indictment which specifically charged that he, "on or about the 6th day of November, 2009, in the County of New Castle, State of Delaware, **did intentionally cause serious physical injury** to Michael Brittingham," in violation of 11 Del. C. § 612. (D.I. 21, ex. D) (emphasis added) The fact that the subsection of the assault second degree statute was not enumerated is of no moment, when the language of the charging instrument is so clear as to *mens rea*,[6] and the plea and sentencing documents are specifically related to the indictment. *See United States v. Johnson*, 587 F. 3d 203, 212-213 (3d Cir. 2009). The court concludes that the government has carried its burden to prove that defendant pled guilty to intentionally causing serous physical injury, a crime of violence.

_____
United States District Judge

---

[5] And the court in *Dates* acknowledged the "significant burden" the approach placed on the government. *Id.*, at *5 n.5.

[6] The language of the indictment requires that two elements be proven, that defendant caused serious physical injury, and that he did so intentionally. (D.I. 24, exs. B at 2 of 20, and C)

4